IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

FREDERICK DEAN MORGAN,           )
                                 )
               Petitioner,       )
                                 )
          v.                     )     1:05CV00638
                                 )
THEODIS BECK, Secretary of the   )
Department of Correction,        )
                                 )
               Respondent.       )

**RECOMMENDATION OF MAGISTRATE JUDGE ELIASON**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 6, 2001, in the Superior Court of Forsyth County, petitioner was convicted by a jury of two counts of assault with a deadly weapon inflicting serious injury in case 01 CRS 53242. He also pled guilty to misdemeanor breaking and entering and violating a domestic violence protective order in case 01 CRS 53243. Petitioner was then sentenced to two consecutive terms of 58-79 months of imprisonment.

Petitioner unsuccessfully appealed his case to the North Carolina Court of Appeals and then the North Carolina Supreme Court. State v. Morgan, 156 N.C. App. 523, 577 S.E.2d 380, disc., rev. denied, 357 N.C. 254, 583 S.E.2d 43 (2003). Petitioner next filed a motion for appropriate relief in the Forsyth County Superior Court on August 12, 2003. When this was denied, he sought a petition for certiorari from the North Carolina Court of Appeals. This was denied on February 3, 2004. Petitioner dated his habeas

corpus petition June 23, 2005 and it was received by this Court on June 28, 2005.

Respondent has now moved to have the petition dismissed because it is out of time under the applicable limitation period or alternatively, to dismiss it on its merits. Petitioner has not filed a response to the motion to dismiss in the more than five months that have passed following its filing. And, this is despite being told of his right to respond to this motion and being warned that a failure to respond would likely result in the dismissal of his case. The Court can and should grant the motion for being unopposed under Local Rule 7.3(k). Out of an abundance of caution and given petitioner's pro se status, the Court will briefly review the merits of respondent's motion.

### Time Bar Argument

As already stated, the respondent requests dismissal on the ground that the petition was filed[1] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2244(d)(1). The AEDPA amendments apply to all Section 2254 petitions filed after its effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Interpretations of the limitation periods found in 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). The

---

[1] A Section 2254 petition is filed by a prisoner when the petition is delivered to prison authorities for mailing. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

-2-

limitation period starts running from the date when the judgment of conviction became final at the end of direct review. Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court; or, (2) the expiration of the time to file such a petition. Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002); see United States v. Segers, 271 F.3d 181 (4th Cir. 2001), cert. denied, 535 U.S. 943, 122 S.Ct. 1331, 152 L.Ed.2d 237 (2002)(federal conviction).

The one-year limitation period is tolled while state post-conviction proceedings are pending. Harris, supra. The suspension is for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999), cert. denied, 528 U.S. 1197, 120 S.Ct. 1262, 146 L.Ed.2d 117 (2000). However, the tolling does not include the time to file a certiorari petition to the United States Supreme Court from denial of state post-conviction relief. Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999), cert. denied, 529 U.S. 1099, 120 S.Ct. 1834, 146 L.Ed.2d 777 (2000).

The Fourth Circuit, as well as a number of courts, have held that the one-year limitation period is subject to equitable tolling. Harris, supra; Sandvik, 177 F.3d at 1271 (collecting

-3-

Case 1:05-cv-00638-WLO-RAE   Document 7   Filed 02/03/06   Page 3 of 8

cases). Equitable tolling may apply when the petitioner has been unable to assert claims because of wrongful conduct of the state or its officers. A second exception is when there are extraordinary circumstances, such as when events are beyond the prisoner's control and the prisoner has been pursuing his rights diligently. Pace v. DiGuglielmo, ___ U.S. ___, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005); Harris, supra; Akins v. United States, 204 F.3d 1086 (11th Cir.), cert. denied, 531 U.S. 971, 121 S.Ct. 410, 148 L.Ed.2d 316 (2000).

Here, petitioner's direct appeal was denied by the North Carolina Supreme Court on June 12, 2003. He did not file a petition for certiorari to the United States Supreme Court, so his conviction became final when his time for doing so expired 90 days later on September 10, 2003.[2] At that time, he had already filed his motion for appropriate relief and, so, the one year time period did not start running until petitioner's petition for certiorari was denied by the North Carolina Court of Appeals on February 3, 2003.[3]

---

[2] This is the date given by respondent. Petitioner has not challenged it.

[3] Respondent argues that the motion for appropriate relief did not toll the running of the limitations period under 28 U.S.C. § 2244(d)(2) because it was not a "properly filed" attempt at collateral relief. In the order denying the motion, it was noted that one of the alternative grounds for denial was that it did not have a proper certificate of service. However, the first reason given for denying the motion for appropriate relief was that the claims raised in it were procedurally barred. Given this more substantive reason for denying the motion, the Court cannot say that the state courts did not treat the motion for appropriate relief as "properly filed." Also, the outcome of the time calculations related to respondent's time bar argument is not materially affected whether or not the motion for appropriate relief is counted as tolling the limitations period.

-4-

Following the denial of certiorari on February 3, 2003, petitioner's time began to run. The present petition was not received by the Court until June 28, 2004, well more than a year later. However, petitioner points out in his petition that he filed previous habeas petitions that were dismissed without prejudice due to technical deficiencies. At least one of these prior petitions would have been timely.

Respondent, relying on Duncan v. Walker, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001), argues that federal habeas petitions do not count as collateral review motions which can toll the limitations period. While this is an accurate statement, Duncan involved a situation where a petitioner never fixed the defects in his first petition and filed different claims in his later petition. The Supreme Court specifically did not address a situation where, as here, a petitioner did correct the deficiencies and was consistent with his claims. Because of this and because petitioner's claims can be dismissed for a different reason, the Court will not dismiss the petition on the basis of being time barred.[4]

### **Procedural Bar Argument**

---

[4] It is worth noting that one possibility left open by Duncan is the use of equitable tolling in situations where an initial petition was dismissed without prejudice but a later, corrected petition was filed out of time. If so, it would not appear that it should apply to petitioner in the present case because equitable tolling would require diligence on the part of petitioner. He delayed for over a year before fixing his petition and has given no explanation for the delay. Even now, he has not responded to the motion to dismiss. This hardly qualifies as any form of diligence in pursuing his claims.

-5-

Respondent's alternative argument in favor of dismissal is that petitioner's claims are procedurally barred. He contends that petitioner's claims are barred from federal review on their merits because they are the same claims which the state court held to be procedurally defaulted under N.C. Gen. Stat. § 1419(a) in the order denying petitioner's motion for appropriate relief. Absent cause and prejudice or a miscarriage of justice, a federal habeas court may not review constitutional claims when a state court has declined to consider their merits on the basis of an adequate and independent state procedural rule. See Harris v. Reed, 489 U.S. 255, 262, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989). A procedural rule under which the state court has declined to consider the merits of a petitioner's claims is adequate if it is regularly or consistently applied by the state court, Johnson v. Mississippi, 486 U.S. 578, 587, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988), and is independent if it does not "depend . . . on a federal constitutional ruling," Ake v. Oklahoma, 470 U.S. 68, 75, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985).

The Fourth Circuit has considered whether a petitioner whose claims have been denied under N.C.G.S. § 15A-1419(a) is thereby barred from bringing those claims in a federal habeas petition. Boyd v. French, 147 F.3d 319 (4th Cir. 1998), cert. denied, 525 U.S. 1150, 119 S.Ct. 1050, 143 L.Ed.2d 56 (1999). In finding that such a petitioner is barred, the circuit court stated:

> This court has consistently held, however, that § 15A-1419 is an adequate and independent state-law ground for decision foreclosing federal habeas review. See Williams v. French, 146 F.3d 203, 208-09 (4th Cir.

-6-

> 1998); Ashe v. Styles, 39 F.3d 80, 87-88 (4th Cir. 1994) (explaining that a federal habeas petition should have been denied on the basis of procedural default because the state court denied relief pursuant to § 15A-1419(a) which is "an adequate and independent state law ground of decision"); see also O'Dell v. Netherland, 95 F.3d 1214, 1241 (4th Cir. 1996) (en banc) (holding that unambiguous procedural rules derived from state statutes or court rules are necessarily "firmly established" (internal quotation marks omitted)), aff'd, 521 U.S. 151, 117 S.Ct. 1969, 138 L.Ed.2d 351 (1997) . . . .

Boyd, 147 F.3d at 332. Unless petitioner alleges either cause and prejudice for his procedural default, or attempts to establish that this Court's refusal to address his claims on the grounds of procedural default would result in a miscarriage of justice, the question of whether petitioner's present claims are barred can be resolved by a determination of whether petitioner's present claims are the same as those of petitioner's motion for appropriate relief. If they are, then petitioner must be denied federal habeas relief.

Petitioner's claims are unquestionably the same as those raised in his motion for appropriate relief. Not only this, but he has not even attempted to allege cause and prejudice or a miscarriage of justice. In fact, he has not responded to the procedural bar argument in any way. For this reason, his claims are procedurally barred from federal review and should be dismissed.

**IT IS THEREFORE RECOMMENDED** that respondent's motion to dismiss (docket no. 4) be granted, that the habeas petition (docket

no. 2) be dismissed, and that Judgment be entered dismissing this action.

                                         /s/ Russell A. Eliason
                                        United States Magistrate Judge

February 3, 2006